UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MANUEL ARNULFO SANCHEZ, | Civil Action No. 14-CV-69-GFVT |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| | **&** |
| SANDRA BUTLER, WARDEN, | **ORDER** |
| Respondent. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Manuel Arnulfo Sanchez is an inmate confined in the Federal Correctional Institution-Manchester located in Manchester, Kentucky. Proceeding without counsel, Sanchez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the Bureau of Prisons ("BOP") has calculated his federal sentence. [R. 1.] Sanchez contends that the BOP erroneously refuses to credit his federal sentence with eight months and twenty days of prior custody credit. Sanchez has paid the $5.00 filing fee. [R. 2.]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Sanchez's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Sanchez's factual allegations as true, and liberally construes his

legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the § 2241 petition, the Court must deny it because Sanchez has not set forth grounds entitling him to the credit he seeks on his federal sentence.

I

The following is a chronological summary of Sanchez's state and federal convictions, based on information contained in his § 2241 petition and attachments thereto; information contained in the federal judiciary's PACER online database, and information contained in the public records of the Circuit Court of Boone County, Kentucky.

**March 28, 2006**: Sanchez was charged in the Boone Circuit Court with Trafficking in a Controlled Substance in the First Degree, First Offense, while in Possession of a Firearm (Count I), and with Possession of Drug Paraphernalia, First offense, while in Possession of a Firearm (Count II). *Commonwealth of Kentucky v. Manuel Arnulfo Sanchez*, No. 06-CR-122 ("the State Court Criminal Case"). The date of both charged offenses was listed as January 26, 2006.

**August 14, 2006**: A federal indictment was returned in Nashville, Tennessee, charging Sanchez and numerous other defendants with conspiracy to distribute and possess with intent to distribute one kilogram of a Schedule I controlled substance between April 1, 2005, and August 14, 2006. *United States v. Manuel Arnulfo Sanchez*, No. 3:06-CR-144-17 (M. D. Tenn. 2006) ("the Federal Criminal Case").

**August 16, 2006**: The Boone Circuit Court sentenced Sanchez to a six and one-half year prison sentence for Trafficking in a Controlled Substance in the First Degree and Possession of Drug Paraphernalia ("the State Sentence").

**February 15, 2007**: A writ of habeas corpus *ad prosequendem* was issued in the Federal Criminal Case for Sanchez's initial appearance on March 9, 2007. [R. 275, therein.]

**September 29, 2008**: Sanchez was sentenced in the Federal Criminal Case to a 120-month prison term for Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin ("the Federal Sentence"). [R. 705, therein.][1] The court did not order the Federal Sentence to run concurrently with the State Sentence.

**June 18, 2009**: Sanchez satisfied the State Sentence and state officials in Kentucky released Sanchez to the custody of the United States Marshals Service ("USMS") to begin serving the Federal Sentence.

**April 22, 2011**: The BOP's Designation and Sentence Computation Center ("DSCC") wrote a letter to Sanchez stating that it had denied his request, pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990),[2] for a *nunc pro tunc* (retroactive) designation of the facility where he was in state custody between September 29, 2008, and June 18, 2009. [R. 1-1 at 3.] Had the DSCC granted Sanchez's request, it in essence would have credited the Federal Sentence with eight months and twenty days of time that Sanchez spent in state custody serving the State Sentence.

The DSCC explained that when the Federal Sentence was imposed on September 29, 2008, Sanchez was at that time subject to an undischarged term of imprisonment, *i.e.*, the State Sentence which had been previously imposed on August 16, 2006; that the district court did not

---

[1] Although the Federal Sentence was imposed on September 29, 2008, the "Judgment in a Criminal Case" was not docketed in the Federal Criminal Case until October 8, 2008. [*Id.*]

[2] In *Barden*, the Third Circuit held that § 3621(b) authorizes the BOP to retroactively designate a state prison as the place where a federal defendant will serve his or her sentence. The practical effect of such a designation is to grant the federal prisoner credit against his or her federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently. *Barden*, 921 F.2d at 480.

order or mandate that the Federal Sentence should run concurrently with the State Sentence; and that 18 U.S.C. § 3584(a) provides in relevant part, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." [R. 1-1.] The DSCC further explained that the denial of Sanchez's request for a retroactive designation was consistent with BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, which provides that when a federal sentence is silent as to whether it runs consecutive to or concurrently with "an undischarged term of imprisonment," the BOP treats that federal sentence as running consecutively to the previously imposed sentence. [*Id*.]

## II

### A

Sanchez claims that the federal judge clearly intended that the Federal Sentence was to run concurrently with the State Sentence, and that in refusing to grant him a retroactive designation of the state facility as the place where he served part of the Federal Sentence between September 29, 2008, and June 18, 2009, the BOP has ignored the federal court's intentions. [R. 1 at 2.] Sanchez alleges that the Criminal Judgment entered on September 29, 2008, in the Federal Criminal Case stated that he was to be committed to the custody of the BOP, but that the USMS instead returned him to state prison, causing him to suffer an eight-month delay in serving the Federal Sentence. [*Id*. at 6-7.] Sanchez further alleges that in denying his request for a retroactive designation, the BOP has "…abused its discretion and acted arbitrarily by refusing my request for a retroactive designation utilizing the factors listed in 18.U.S.C. § 3621(b)." [*Id*. at 9.]

Between September 2013 and February 2014, Sanchez fully exhausted his sentence credit claim through administrative remedy process set forth in 28 C.F.R. § 542.13 *et seq*., but the BOP denied his remedy requests at all levels. [*See* R. 1-1 at 8 (Warden's denial of BP-9); *id*. at 10 (BOP Regional Office's denial of BP-10 appeal); *id*. at 13 (BOP Central Office's denial of BP-11 appeal).] In denying relief, the BOP consistently reiterated the DSCC's earlier conclusion that Sanchez was ineligible for consideration of a retroactive designation under *Barden* because the district court did not specify that the Federal Sentence was to run concurrently with the State Sentence. The BOP Regional Director also noted that because the time which Sanchez spent in state custody between September 29, 2008, and June 18, 2009, had been credited to the State Sentence, Sanchez would not be entitled to additional credit on the Federal Sentence for that same period of time under 18 U.S.C. § 3585(b). [R. 1-1 at 10.]

**B**

The BOP has correctly refused to credit Sanchez's sentence with the eight months and twenty days of pre-sentence time which he served in state custody prior to coming into the BOP's primary custody. Under 18 U.S.C. §3585(a), a federal sentence for a term of imprisonment begins on the date the defendant is received into official federal custody, which in this case was June 18, 2009, the day on which Sanchez completed service of the State Sentence and on which he was turned over to the USMS to begin serving the Federal Sentence. Sanchez argues that when the district court imposed the Federal Sentence, the Criminal Judgment specifically stated that he was to be committed to the BOP's custody, and that he should have not been returned to state custody in Kentucky. However, in making this argument, Sanchez ignores several key issues.

5

First, under the doctrine of primary custody, the USMS properly returned Sanchez to state custody immediately after the Federal Sentence was imposed. In *Ponzi v. Fessenden*, 258 U.S. 254, 260–262, 42 S. Ct. 309, 66 L. Ed. 607 (1922), the Supreme Court first recognized the doctrine of primary custody, to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign. Under this doctrine, the sovereign that first arrests an individual has primary control or custody over him; its claim over him has priority over all other sovereigns that subsequently arrest him; it is entitled to have him serve a sentence that it imposes, before he serves any sentence imposed by another sovereign; and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign. *Id.*; *see also United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *In re Liberatore*, 574 F.2d 78, 88–89 (2d Cir. 1978); *Rambo v. Hogsten*, No. 10–116–ART, 2010 WL 4791970, at *4 (E.D. Ky. Nov. 17, 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Primary custody continues until the sovereign that first arrested an individual has relinquished its jurisdiction in some way. *See Banks v. United States*, No. 2:12–CV–2175, 2013 WL 3564135, at *2 (W.D. Tenn. July 11, 2013) (citing *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980)); *accord Jones v. Farley*, No. 4:12–CV–0671, 2012 WL 4506002, at *3 (N.D. Ohio Sept.28, 2012). If state authorities have primary jurisdiction over a prisoner, federal custody will not commence until state authorities relinquish the prisoner on satisfaction of his state obligation. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173

F.3d 1059 (7th Cir. 1999).  Here, the Commonwealth of Kentucky was the first sovereign to arrest Sanchez and charge him with drug and firearm offenses, and it did not relinquish primary custody over him until June 18, 2009, the date on which Sanchez satisfied the State Sentence.  Thus, under the doctrine of primary custody, Sanchez could not have begun serving the Federal Sentence until he completed service of the State Sentence.

Second, between February 15, 2007, and September 29, 2008 (the latter date being the date on which the Federal Sentence was imposed), Sanchez was only secondarily in federal custody pursuant to a writ of habeas corpus *ad prosequendum* for his appearance in the Federal Criminal Case.  When a prisoner is taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, the state retains primary jurisdiction over him, and primary jurisdiction is not transferred to federal authorities.  *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000) (Table); *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998); *Wardell v. Wilson*, No. 10-294-GFVT, No. 10-CV-294-GFVT, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011).  During this period of time, Sanchez was only "borrowed" by federal authorities while in their custody under writ of habeas corpus *ad prosequendum*, and he remained in the primary custody of the Commonwealth of Kentucky.  That means that when the Federal Sentence was imposed on September 29, 2008, the USMS was required to return Sanchez to state custody, because the imposition of the Federal Sentence did not discharge Sanchez of his obligation to satisfy the remaining, or "undischarged," portion of the State Sentence.

Third, Sanchez appears to ignore the fact that the Commonwealth of Kentucky fully credited his state sentence with time between February 15, 2007, and September 29, 2008, during

7

which he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*. As the BOP repeatedly explained during the administrative remedy process, Title 18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence," which means that time which has previously been credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. *See Nguyen v. Department of Justice*, 173 F.3d 429 (Table), 1999 WL 96740 (6th Cir. Feb. 3, 1999) (Unpublished decision) (holding that time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003). Therefore, crediting Sanchez's federal sentence with eight months and twenty days of credit for time which he spent in primary state custody between September 29, 2008, and June 18, 2009, and for which he received credit on the State Sentence, would result in him receiving improper double credit, a result which § 3585(b) prohibits. *See*, *e.g.*, *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

Fourth, Sanchez alleges that by denying him the requested sentencing credits, the BOP has violated the Federal Sentence, but as the BOP correctly concluded, the Federal Sentence did *not* provide that it was to run concurrently with the State Sentence. Where a district court remains silent with respect to whether a federal sentence should run concurrently with or consecutively to a state sentence, the last sentence of § 3584(a) provides that the federal sentence runs consecutively. *United States v. Martin*, 371 F. App'x 602 (6th Cir. 2010); *see also United States v. Pittman*, No. 12-CV-20-DLB-EBA, 2014 WL 2217137, at *2 (E.D. Ky. May 29,

8

2014)("If the federal judgment and commitment order is silent as to whether it should be concurrent or consecutive, as in this case, and the state authorities have primary jurisdiction over the defendant, the default by the Bureau of Prisons is to compute the federal sentence as consecutive to the state sentence, regardless of which sentence was imposed first.") (citing 18 U.S.C. § 3584(a)). Thus, the BOP's decision to deny Sanchez the presentence credit which he demands does not in any respect violate the provisions of the Federal Sentence.

Fifth and finally, the BOP properly denied Sanchez's request for a *nunc pro tunc* (retroactive) designation of the state facility where he served his state sentence as the place where he served his federal sentence between September 29, 2008, and June 18, 2009, under the rule set forth in *Barden v. Keohane*. Again, the remedy recognized in *Barden* is limited to those cases where unfairness may occur when a state court fails to recognize that its desire to run its sentence concurrently with a previously-imposed federal sentence will be frustrated through operation of 18 U.S.C. § 3625(a) because the state possessed primary custody over the defendant. *Simms v. United States*, No. 08-CV-43-HRW (E.D. Ky. 2008) (slip op. Sept. 21, 2009). That concern does not exist in Sanchez's case, because as discussed, the Federal Sentence was imposed *after*, rather than before, the Federal Sentence. Nothing prevented the federal judge from ordering the subsequently imposed federal sentence to run concurrently with the State Sentence.

Sanchez argues that the BOP has abused its discretion by refusing to effectuate a *Barden* retroactive designation. In determining whether the BOP abused its discretion, "[t]he test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston v.*

9

*United States*, 390 F. App'x 62, 64–65 (3d Cir. 2010). Here, the BOP considered all relevant issues in a manner not patently inconsistent with the rule established in Barden. The BOP determined that because the Federal Sentence was imposed after the State Sentence, and because the Federal Sentence did not provide that it was to run concurrently with the State Sentence, a *Barden* designation was not warranted.

This Court agrees with the BOP's determination, and has consistently denied similar § 2241 petitions where, as in Sanchez's case, a retroactive *Barden* designation was not warranted. *See Barnes v. Edenfield*, No. 13-CV-198-DCR, 2014 WL 1117498, at *3 (E.D. Ky. Mar. 20, 2014) (concluding that the BOP correctly refused to retroactively designate a state prison as the place where Barnes served part of his federal sentence under *Barden*, because "Barnes' state court sentence was imposed prior to his federal term of imprisonment."); *Dunlap v. Ives*, No. 6:11-CV-271-GFVT, 2012 WL 1711379, at *82 (E.D. Ky. May 15, 2012) (denying § 2241 petition where the BOP correctly concluded that *Barden* did not apply to Dunlap's circumstances because his state sentence had been imposed prior to his federal sentence); *Pitman v. U.S. Bureau of Prisons*, No. 09-CV-383, 2011 WL 1226869, at *5 (E.D. Ky. Mar. 30, 2011) (denying §2241 and finding that *Barden* did not apply because Pitman's state sentence was imposed prior to his federal sentence). Thus, the BOP's refusal to effectuate a *Barden* designation of the facility where Sanchez served his state sentence between September 29, 2008, and June 18, 2009, as the place where he served his federal sentence, was not an abuse of discretion.

Therefore, the Court will deny Sanchez's habeas petition because the BOP has correctly refused to effectuate a retroactive *Barden* designation of the facility where Sanchez served his state sentence as the place where he served his federal sentence between September 29, 2008,

and June 18, 2009. Sanchez is not entitled to the sentencing credit which he seeks in this § 2241 proceeding.

## III

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

1. Manuel Arnulfo Sanchez's 28 U.S. C. § 2241 petition for a writ of habeas corpus [**R. 1**], is **DENIED**;

2. The Court will enter an appropriate judgment contemporaneously herewith; and

3. This matter is **STRICKEN** from the Court's active docket.

This 12th day of August, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge